
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHIRLEY A. MARTINEZ,

        Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Commissioner
of Social Security,

        Defendant-Appellee.

No.    17-17024

D.C. No. 2:15-cv-02651-CMK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted December 19, 2018[**]
San Francisco, California

Before:  CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

Shirley Martinez appeals the district court's decision affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we reverse.

We review a district court's order affirming the Social Security Commissioner's denial of benefits de novo. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015)).

1. The administrative law judge (ALJ) determined that Martinez has several impairments, including neuropathy in her feet, obstructive sleep apnea, and migraine headaches.[1] The main legal dispute is over the ALJ's treatment of Martinez's testimony regarding the intensity, persistence, and limiting effects that these impairments generated. The general rule is that "[w]hile an ALJ is responsible for determining the credibility of a claimant," *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001), "[g]eneral findings are insufficient; . . . the ALJ must identify what testimony is not credible and what evidence undermines

---

[1]Specifically, the ALJ determined that Martinez has "the following medically severe combination of impairments: exogenous obesity, insulin dependent diabetes mellitus with mild peripheral neuropathy, probable coronary artery disease with ischemia, gastroesophageal reflux disease, obstructive sleep apnea, right hip trochanteric bursitis, osteoarthritis, anemia, peptic ulcer disease[,] gastritis, major depressive disorder, recurrent, moderate to severe, post-traumatic stress disorder, pain disorder associated with psychological factors and general medical condition, a history of hiatal hernia, migraine headaches, and gout."

the claimant's complaints," *Brown-Hunter*, 806 F.3d at 493 (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). ALJs regularly state, as the ALJ did here, that a claimant's testimony is not credible to the extent the testimony differs from the ALJ's determination of the claimant's residual functional capacity (RFC). *See Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017). But "[a]fter making th[e] boilerplate statement, the ALJs typically identify what parts of the claimant's testimony were not credible and why." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

Here, the ALJ determined that the combination of several impairments was medically severe and that Martinez's medically determinable impairments could reasonably be expected to cause "some" of the alleged symptoms. But the ALJ never identified which symptoms were reasonably related to the medically determinable impairments he had identified, or which testimony he found not to be credible. This was error. *See Brown-Hunter*, 806 F.3d at 495 (explaining that ALJs must provide some reasoning in order for a reviewing court to determine whether the ALJ's conclusions were supported by substantial evidence); *Treichler*, 775 F.3d at 1103.

2.      The ALJ failed to make specific findings or provide germane reasons to discredit the third-party function report provided by Martinez's son, in which he

3

stated that his mother spends seventeen hours a day watching television and breathing on a CPAP machine. Lay testimony generally "cannot be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ acknowledged that he reviewed the third-party function report, but made no further reference to the elements contained therein. This was error. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

3.    We **REVERSE** and **REMAND** to the district court with instructions to remand this case to the ALJ for further determinations consistent with this decision.